IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

ERIC THORNTON,

          Petitioner,    :    Case No. 2:17-cv-702

  - vs -                          District Judge George C. Smith
                                         Magistrate Judge Michael R. Merz

TIM BUCHANAN, Warden,
  Noble Correctional Institution,

                                    :
          Respondent.

# REPORT AND RECOMMENDATIONS

This habeas corpus case was brought *pro se* by Petitioner Eric Thornton to obtain relief from his conviction in the Common Pleas Court of Muskingum County on charges of aggravated robbery and kidnapping with a firearm specification (Petition, ECF No. 3, PageID 28). On Magistrate Judge Deavers' Order (ECF No. 2), the Respondent has filed the State Court Record (ECF No. 5) and a Return of Writ (ECF No. 6). Petitioner has filed a Reply (ECF No. 9), making the case ripe for decision. The Magistrate Judge reference of the case was recently transferred to the undersigned to help balance the Magistrate Judge workload in the District.

**Litigation History**

A Muskingum County grand jury indicted Thornton on September 4, 2013, on aggravated robbery, kidnapping, and weapons under disability charges with firearm specifications. Thornton

waived a jury and testified himself at the bench trial where the judge convicted him of aggravated robbery, two counts of kidnapping, and the firearm specifications, but acquitted him of having weapons while under disability. After merging some counts under Ohio Revised Code § 2941.25, the judge sentenced Thornton to an aggregate term of twenty-three years imprisonment.

With new appointed counsel, Thornton appealed to the Ohio Fifth District Court of Appeals which affirmed. *State v. Thornton*, 2015-Ohio-289 (5th Dist. Jan. 26, 2105). Thornton's motion for delayed appeal to the Ohio Supreme Court was denied. *State v. Thornton*, 143 Ohio St. 3d 1415 (2015).

On April 29, 2016, Thornton filed a combined petition for post-conviction relief and motion for leave to file a motion for new trial (State Court Record, ECF No. 5, PageID 198, *et seq*.). The trial court denied relief and Thornton appealed to the Fifth District which affirmed. *State v. Thornton*, 2017-Ohio-637 (5th Dist. Feb. 17, 2017), appellate jurisdiction declined, 149 Ohio St. 3d 1465 (2017).

Thornton then filed his Petition for Writ of Habeas Corpus in this Court by mailing it August 7, 2017. He pleaded the following grounds for relief:

> **Ground One**: Petitioner was unavoidable [sic] prevented from discovery of Mr. Ricket's recanted testimony until after the expiration of the 120 days and 180 days, and that Kayla Dickerson was a potential witness.
>
> **Supporting Facts:** Mr. Ricket testified that Petitioner and co-defendant robbed him and Mr. Martin. Petitioner was convicted on May 22, 2014. On March 16, 2016, Mr. Ricket recanted his testimony (statements) and stated that no robbery occurred, thus testifying falsely at trial and denying Petitioner a fair trial. After seeing petitioner's co-defendant received [sic] 28 years in prison on Facebook, Kayla Dickerson[1] came forward with eye witness account of the incident for which Petitioner is serving 23 years.

---

[1] Thornton misspells Ms. Dickinson's name as "Dickerson." Ms. Dickinson swears that her name is "Kayla Dickinson" in her Affidavit. (ECF No. 5, PageID 222.)

**Ground Two**: Petitioner was denied the effective assistance of counsel when counsel failed to investigate.
**Supporting Facts:** Kayla Dickerson was an eye witness who lived right across the street from the alleged criminal acts. She thought that Mr. Barnes and Mr. Martin were fighting. She had no idea the police were called or that Mr. Barnes and Petitioner were charged with robbery and kidnapping until a family member posted on Facebook that Mr. Barnes received 28 years in prison for the incident that occurred across the street from her residence. Defense counsel failed to go to the location of the incident and investigate potential witnesses.

**Ground Three**: Prosecutorial misconduct.

**Supporting Facts:** Prosecutor suppressed Mr. Martin's criminal history (record) Prosecutor suppressed the knowledge it had about Mr. Ricket's false testimony.

**Ground Four:** Court of Appeals determination that the "deposition transcript" alone did not establish a sufficient basis to find the trial court abused its discretion contrary to clearly established federal law.

**Supporting Facts:** The Court of Appeals held that the deposition transcript alone, without any affidavit from the recanting witness or the inmate explaining the underlying circumstances of the recantation, did not establish a sufficient basis to find the trial court abused its discretion, when all petitioner has to do is allege facts that are true with supporting documentation or other evidence.

(Petition, ECF No. 3, PageID 32, 34, 35, 37.)

# Analysis

**Statute of Limitations**

Respondent asserts that the Petition was untimely filed and should be dismissed on that basis (Return of Writ, ECF No. 6, PageID 735-43). Petitioner makes several responses (Traverse,

3

ECF No. 9, 779-86) which will be examined in turn.

28 U.S.C. § 2244(d) as enacted by the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA") provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Because he did not file a timely direct appeal with the Ohio Supreme Court, Thornton's conviction became final on the last day he could have done so, March 12, 2015. The statute of limitations began to run the next day and expired one year later on March 13, 2016, unless it was interrupted.

Respondent concedes that Thornton's motion for leave to file a delayed appeal was a properly filed collateral attack on the judgment and thus stayed the running of the statute, pursuant

4

to § 2244(d)(2), while it was pending, i.e., from June 2, 2015, through July 22, 2015, or fifty days. It had run for eighty-one days before that filing. It resumed the next day and ran until April 29, 2016, another 281 days. On July 5, 2017, the Supreme Court of Ohio denied Thornton's appeal on his post-conviction/new trial attack. The statute would then have run on July 8, 2017, but that was a Saturday and Thornton therefore had until the following Monday, July 10, 2017, to file, per Fed.R.Civ.P. 6. Thornton claims his Petition was deposited in the prison mail system on August 7, 2017 (Petition, ECF No. 3, PageID 42). Calculated strictly in accordance with § 2244(d), Thornton's Petition was filed twenty-eight days late.

Respondent concedes that equitable tolling is available to toll the AEDPA statute of limitations, but contends Thornton has failed to prove entitlement to equitable tolling (Return, ECF No. 6, PageID 738-40). The Magistrate Judge disagrees.

The Supreme Court has held equitable tolling is available to habeas petitioners. *Holland v. Florida*, 560 U.S. 631, 646 (2010). A petitioner is "'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Menominee Indian Tribe of Wisconsin v. United States*, 136 S.Ct. 750, 193 L.Ed.2d 652 (2016); *Ata v. Scutt*, 662 F.3d 736 (6th Cir. 2011), *quoting Holland*, 130 S.Ct. at 2562, *quoting Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). "[T]he second prong of the equitable tolling test is met only where the circumstances that caused a litigant's delay are both extraordinary *and* beyond its control." *Menominee Indian Tribe*, 136 S.Ct. at 756, citing *Holland* (emphasis sic). "Equitable tolling allows courts to review time-barred habeas petitions 'provided that a litigant's failure to meet a legally-mandated [sic] deadline unavoidably arose from circumstances beyond that litigant's control.'" *Keeling v. Warden,* 673

F.3d 452, 462 (6th Cir. 2012).[2]

Thornton asserts as the reason his Petition was not mailed on time was that "because no unit staff was present at the institution, . . . and per policy and administrative rules, no inmates are allowed to visit another unit, Petitioner did not hand deliver his habeas petition for mailing until August 7, 2017, the day Ms. Anderson[, Caseworker in training,] was made available." (Traverse, ECF No. 9, PageID 783.) The Magistrate Judge credits the truth of these assertions because the witnesses who could contradict them are in the employ of the ODRC and no contradiction has been offered. And these circumstances are hopefully extraordinary in that it is presumably rare for the two persons to whom an inmate could deliver a petition for mailing were absent at the relevant time. Finally, there is no prejudice to Respondent from this short delay.

It is therefore respectfully recommended that Respondent's statute of limitations defense be overruled and that the statute be held to have been equitably tolled until the filing date of August 7, 2017.

**Ground One: Prosecutorial Misconduct: Knowing Presentation of False Testimony**

In his Petition, Thornton framed his First Ground for Relief as an error by the state courts which refused to honor his claim that he was unavoidably prevented from discovering the proposed testimony of James Ricket and Kayla Dickerson within the 120 days allowed for filing a motion for new trial under Ohio law (ECF No. 3, PageID 32).

On its face this does not state a claim upon which habeas corpus relief could be granted:

---

[2] Both parties cite *Dunlap, v. United States*, 250 F.3d 1001 (6th Cir. 2001), as providing the governing standard, but the Sixth Circuit has recognized that *Holland* displaced *Dunlap* in that regard. See *Ata v. Scott, supra*.

there is no federal constitutional right to file a motion for new trial in a state criminal proceeding. Respondent complains of this deficiency in the Return, noting that Ground One does not comply with Rule 2 of the Rules Governing § 2254 Cases (Return, ECF No. 6, PageID 754-57).

In his Traverse, Thornton clarifies that his First Ground for Relief alleges prosecutorial misconduct in that the prosecutor knew James Ricket testified falsely at trial and failed to correct that falsehood. If true, that would be a violation of Thornton's constitutional rights. *Napue v. Illinois*, 360 U.S. 264, 269 (1959)(holding that the knowing use of false evidence, including testimony, to obtain a tainted conviction violates the Due Process Clause of the Fourteenth Amendment).

Whatever his claim now, Thornton presented no *Napue* claim to the state courts. Instead, he argued that Ricket's recantation of his trial testimony was newly discovered evidence which entitled him to a new trial (Petition for Post-Conviction relief/Motion for New Trial, State Court Record, ECF No. 5, PageID 198, *et seq*.) He asserted that Ricket had made his recantation in a deposition taken March 16, 2016,[3] and that he had learned of it April 20, 2016. *Id.* at PageID 200-01. Neither the trial court nor the Fifth District gave any hint that it understood it was deciding a prosecutorial misconduct claim.

To preserve a federal constitutional claim for presentation in habeas corpus, the claim must be "fairly presented" to the state courts in a way which provides them with an opportunity to remedy the asserted constitutional violation, including presenting both the legal and factual basis of the claim. *Williams v. Anderson,* 460 F.3d 789, 806 (6th Cir. 2006); *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir.), overruled in part on other grounds by *Thompson v. Keohane,* 516 U.S. 99

---

[3] The deposition shows that it was taken in the criminal case of State of Ohio v. Daniel Barnes and apparently at the instance of Jasmine Barnes, who was present and furnished a copy of the transcript to Thornton. The State of Ohio was not represented at the deposition. Apparently it was offered in similar proceedings with respect to co-defendant Barnes (See Findings and Decision, State Court Record, ECF No. 5, PageID 254).

7

(1995); *Riggins v. McMackin,* 935 F.2d 790, 792 (6th Cir. 1991). The claim must be fairly presented at every stage of the state appellate process. *Wagner v. Smith,* 581 F.3d 410, 418 (6th Cir. 2009).

Merely using talismanic constitutional phrases like "fair trial" or "due process of law" does not constitute raising a federal constitutional issue. *Slaughter v. Parker,* 450 F.3d 224, 236 (6th Cir. 2006); *Franklin v. Rose,* 811 F.2d 322, 326 (6th Cir. 1987); *McMeans v. Brigano,* 228 F.3d 674, 681 (6th Cir. 2000), citing *Petrucelli v. Coombe*, 735 F.2d 684, 688-89 (2nd Cir. 1984). Mere use of the words "due process and a fair trial by an impartial jury" are insufficient. *Slaughter v. Parker*, 450 F.3d 224, 236 (6th Cir. 2006); *Blackmon v. Booker*, 394 F.3d 399, 400 (6th Cir. 2004)(same). "A lawyer need not develop a constitutional argument at length, but he must make one; the words 'due process' are not an argument." *Riggins v. McGinnis*, 50 F.3d 492, 494 (7th Cir. 1995).

If a petitioner's claims in federal habeas rest on different theories than those presented to the state courts, they are procedurally defaulted. *Williams v. Anderson,* 460 F.3d 789, 806 (6th Cir. 2006); *Lorraine v. Coyle*, 291 F.3d 416, 425 (6th Cir. 2002), citing *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998); *Lott v. Coyle*, 261 F.3d 594, 607, 619 (6th Cir. 2001)("relatedness" of a claim will not save it).

A state prisoner ordinarily "does not 'fairly present' a federal claim to a state court if that court must read beyond a petition or a brief (or similar document)" to find material that will alert it to the presence of such a claim. *Baldwin v. Reese*, 541 U.S. 27, 32 (2004). When a defendant does so little to present his claim that it has not been fairly presented, then the presumption under *Harrington v. Richter*, 562 U.S. 86, 99 (2011), that the state court decided the claim on the merits is "fully rebutted." *Johnson v. Williams*, 568 U.S. 289, 302 fn.3 (2013).

8

The Magistrate Judge concludes Petitioner never fairly presented to the state courts his claim of prosecutorial misconduct made in the Traverse. Because there is now no state forum in which that claim could be presented, it is procedurally defaulted and should be dismissed on that basis.

**Ground Two: Ineffective Assistance of Trial Counsel for Failure to Investigate**

In his Second Ground for Relief, Petitioner claims he received ineffective assistance of trial counsel when his trial attorney failed to obtain testimony from eyewitness Kayla Dickinson. Respondent asserts this claim is procedurally defaulted because it also was not fairly presented to the state courts.

The governing standard for ineffective assistance of trial counsel was adopted by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984):

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

466 U.S. at 687. In other words, to establish ineffective assistance, a defendant must show both deficient performance and prejudice. *Berghuis v. Thompkins,* 560 U.S. 370, 389 (2010), citing *Knowles v. Mirzayance,* 556 U.S.111 (2009).

With respect to the first prong of the *Strickland* test, the Supreme Court has commanded:

> Judicial scrutiny of counsel's performance must be highly deferential. . . . A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel=s challenged conduct, and to evaluate the conduct from counsel=s perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."

466 U.S. at 689.

As to the second prong, the Supreme Court held:

> The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to overcome confidence in the outcome.

466 U.S. at 694. *See also Darden v. Wainwright*, 477 U.S. 168 (1986); *Wong v. Money,* 142 F.3d 313, 319 (6th Cir. 1998); *Blackburn v. Foltz*, 828 F.2d 1177 (6th Cir. 1987).

Petitioner does not assert he presented this ineffective assistance of trial counsel claim to the state courts. Instead, he turns the Fifth District's finding that Dickinson's testimony could have been discovered much earlier than Thornton discovered it into a finding supporting his claim that his attorney could have discovered her as a witness.

Here again as with the First Ground for Relief, Thornton failed to present this ineffective assistance of trial counsel claim to the state courts at all. His petition for post-conviction relief/motion for new trial do not make an ineffective assistance of trial counsel claim, but because this claim depends on material which was not in the appellate record, it must be presented in that way.

Accordingly, Ground Two should also be dismissed as procedurally defaulted.

**Ground Three: Prosecutorial Misconduct**

In his Third Ground for Relief, Thornton claims the prosecutor committed misconduct by not disclosing James Martin's past criminal history and not disclosing Ricket's false testimony. These may properly be characterized as claims under *Brady v. Maryland*, 373 U.S. 83 (1963), where the Supreme Court held the State has a duty to produce exculpatory evidence in a criminal case, and *Napue, supra.*

For reasons already given under Ground One, no *Napue* claim was fairly presented to the Ohio courts and this portion of Ground Three is therefore procedurally defaulted.

Respecting Martin's criminal history, the Fifth District wrote:

> *Note on Arguments regarding Allegedly Suppressed "Criminal History"*
>
> **[*P35]** The opinion infra addresses two of appellant's pieces of alleged newly-discovered evidence: Ricket's "recantation" and Dickinson's affidavit. We note appellant's argument repeatedly cites a third piece of alleged newly-discovered evidence:
>
>> * * * *. Additionally, it was recently discovered that [appellee] also suppressed Mr. Martin's criminal record. [Appellant] had no knowledge that Mr. Martin possessed a criminal record prior to trial or during trial. [Appellant] did not discover this criminal record until April 20, 2016 when he received a copy of Attorney Kelley Donahue['s] motion for new trial on Mr. Barnes['] behalf.
>
> Brief, 10-11.
>
> **[*P36]** We have reviewed the record for the cited evidence of Martin's (allegedly) suppressed criminal history and find none. Appellant attached Barnes' motion for new trial to his joint motion/petition in the trial court and that motion merely states: " *

11

> * * * The State of Ohio also seems to have failed to disclose to Defense that the alleged victim in this matter was a drug dealer who actually made a drug drop during the course of events that evening, a possible Brady violation." (Underline in original).
>
> **[\*P37]** The trial court did not cite the alleged criminal history of Martin in its decision overruling appellant's joint motion and petition. We find the arguments on appeal premised upon Martin's alleged criminal history to be unsupported claims which are not supported by any affidavit or supporting documentation as required by R.C. 2953.21(A)(1)(a), describing the contents of a petition for post-conviction relief, or Crim.R. 33(C), pertaining to motions for new trial. We therefore decline to address the arguments related to Martin's alleged criminal history.

*State v. Thornton*, 2017-Ohio-637 (5th Dist. Feb. 17, 2017). In other words, Thornton never made a post-conviction claim under *Brady*, he merely attached to his motion papers a copy of the co-defendant's motion papers in which the possibility of a *Brady* violation is mentioned. This also does not constitute a fair presentation of a *Brady* claim to the state courts.

Ground Three should therefore be dismissed for failure to present it fairly to the state courts.

**Ground Four: Court of Appeals' Error in Not Ordering a Trial Court Hearing**

In his Fourth Ground for Relief, Thornton claims the Fifth District erred in holding that the transcript of the deposition of James Ricket did not by itself establish a sufficient basis to find the trial court had abused its discretion in denying a hearing.

Both of Petitioner's Assignments of Error on appeal from denial of his petition for post-conviction relief/motion for new trial claimed the trial court had abused its discretion in denying those filings without an evidentiary hearing.

Respondent asserts the Fourth Ground for Relief does not state a claim cognizable in habeas corpus, i.e., a claim that a person is in custody in violation of his federal constitutional rights (Return, ECF No. 6, PageID 768).

In response, Thornton argues that there is "a well-established line of cases [supporting the proposition that] the documents attached to Petitioner's motion for leave clearly support a finding of unavoidable prevention that would normally sustain a motion for leave or, at the very least, an evidentiary hearing on the issue." (Traverse, ECF No. 9, PageID 803.) He also argues that under Ohio law, a post-conviction petitioner is not required to prove his claims based solely on the petition. *Id.* However, in support of both of these propositions, Thornton cites only Ohio law. He cites no United States Supreme Court law for the proposition that it is unconstitutional to deny a post-conviction petitioner relief without a hearing, and no such law is known to the Magistrate Judge. Moreover, "State collateral proceedings are not constitutionally required as an adjunct to the state criminal proceedings," *Murray v. Giarratano*, 492 U.S. 1, 10 (1989), so there can be no federal constitutional requirement of an evidentiary hearing in state post-conviction proceedings.

Federal habeas corpus is available only to correct federal constitutional violations. 28 U.S.C. § 2254(a); *Wilson v. Corcoran,* 562 U.S. 1, 5 (2010)*; Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983). "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); see also *Elmendorf v. Taylor*, 23 U.S. (10 Wheat.) 152, 160 (1825)(Marshall C. J.); *Bickham v. Winn*, 888 F.3d 248 (6th Cir. Apr. 23, 2018)(Thapar concurring).

Thornton cites several federal court decisions upholding the sufficiency of certain forms of

sworn statement as sufficient to defeat summary judgment under Fed.R.Civ.P. 56(c) (Traverse, ECF No. 9, PageID 805-06).  However persuasive those cases might be if this were a federal civil case pending on a motion for summary judgment, it is not such a case.  Rather, Petitioner is in effect asking this Court to hold that the Rickets' deposition and Dickinson affidavit are sufficient to constitutionally compel the Ohio courts to hold an evidentiary hearing on the motion for new trial.  But there is simply no United States Supreme Court precedent that comes anywhere near such a holding.

**Conclusion**

Based on the foregoing analysis, it is respectfully recommended that the Petition herein be dismissed with prejudice.  Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

June 4, 2019.

s/ *Michael R. Merz*<br>United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days

because this Report is being served by mail. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party=s objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).